[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE APPLICATION TO CONFIRM AND VACATE ARBITRATION AWARD
Plaintiff brings its application to vacate claiming that "the arbitrators considered an issue different than the issue(s) [sic] stipulated [sic] by the parties" and that they thus "exceeded their power as arbitrators." Defendants apply to confirm or modify.
Facts
On March 2, 1989, Revin Searles, Police Chief, of defendant (Chief) placed the April 23, 1989 to May 20, 1989 work schedule (the Schedule) out to bid in accordance with Article VII, 7.5 of the collective bargaining agreement (Contract) between plaintiff and defendant. The Schedule was bid and the complete schedule "taken down" in the time frame required by the Contract. After this process was accomplished the Chief promoted a sergeant to captain and decided to change him from C shift (the midnight shift) to the day shift immediately rather than wait until the next bid shift. This action created a vacancy for a sergeant's position on C shift. That vacancy was not filled but the work was done by existing sergeants working overtime. Seven days later the Chief decided to make Officer[1] Parlapiano (Parlapiano) an Acting Sergeant. The Union did not object to this.
Then on March 18, 1989 the Chief pulled back the existing Schedule and made adjustments. The Schedule was again put out on May 27, 1989. As a result of these actions a grievance was filed.
Other changes arising out of this change triggered three additional grievances. Each grievance alleged a separate and distinct violation of a contractual provision. CT Page 5428
Because the grievances all arose out of the factual circumstances of Parlapiano being made Acting Sergeant the parties decided to have one arbitration panel consider the matter as a whole and decide the merits of each grievance in that context. On May 4, 1990, the parties agreed to consolidate the cases and agreed:
"In settlement of the above captioned grievances the Union agrees to withdraw these cases from Arbitration without prejudice.
The Town and Union agree to consolidate these cases into a single case, 8889-A-989 to be heard on May 17, 1990.
Grievances Nos. 89-9, 89-10, 89-11, 89-12 will be considered as a whole as they all arise out of reassignment of Sgt. Parlapiano to C shift as an Acting Sergeant.
The arbitrator will consider all allegations made in the four grievances and determine:
 1) What, if any, violations of the contract occurred and;
2) What, if any, remedy is appropriate."
This agreement was submitted to the Arbitration Panel in Board of Mediation and Arbitration Case No. 8889-A-989 (No. 989) on September 5, 1990, the last day that the case was heard.
On December 10, 1992 the arbitration panel issued an award in Case No. 989. In that award it framed the issue as follows:
 "Was the reassignment of Detective John Parlapiano the (sic) C shift as `Acting Sergeant' a violation of the Contract?' If so, what shall the remedy be?"
The award itself reads:
 "The grievance is denied. No violations of the Agreement occurred by the reassignment of Detective Parlapiano to CT Page 5429 the C shift as Acting Sergeant."
In its discussion the panel referred to "four separate grievances" which arose out of five matters. One of those matters was "5) the subsequent reassignment of Detective John Parlapiano of the A shift to `Acting Sergeant' of the C shift."
Law
The award conforms to the submission, therefore it is to be confirmed. Caldor, Inc. v. Thornton, 191 Conn. 336,340.
The award is clear enough.
Motion to vacate is denied.
Motion to confirm is granted.
N. O'Neill, J.